IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 04-cv-01072-ZLW-BNB

JOHN E. LOPEZ,

Petitioner,

v.

CARL ZENON, and
KEN SALAZAR, The Attorney General of the State of Colorado,

Respondents.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter is before me on the **Amended Petition Pursuant to 28 U.S.C. Section 2254** [Doc. #90] (the "Amended Application"), filed by John Lopez (the "petitioner") on August 14, 2006.

## I. BACKGROUND

Following a jury trial, the petitioner was sentenced to life imprisonment in the Colorado Department of Corrections for first degree murder, one count of second degree burglary, one count of theft, and one count of robbery. *Amended Answer* [Doc. #94], Ex. B, p. 3; Ex. D, p. 3.[1] The petitioner directly appealed his judgment of conviction. Id. at Ex. B. The Colorado Court of Appeals reversed the conviction and remanded for a new trial. Id. at Ex. D. The appellate court held that the trial court had erroneously excluded the testimony of the petitioner's expert witness. The court rejected the petitioner's claim that his confession was involuntary and should

---

[1]I cite to the actual page numbers of the exhibits, not to the page numbers assigned by the court's docketing system.

not have been admitted as evidence at trial. Both the petitioner and the State sought certiorari review in the Colorado Supreme Court, *Amended Answer*, p. 4, which was denied on November 10, 1997. Id.

Prior to his second trial, the petitioner pled guilty to one count of second degree burglary and one count of theft. Id. at Ex. H, p. 1. After a jury trial, he was convicted of the remaining charges. Id. and Ex. F, p. 2. He was sentenced to a life term without parole. Id. at Ex. F, p. 2. The petitioner appealed his conviction, claiming that the prosecutor used four peremptory challenges to exclude jurors on the basis of their race or ethnic backgrounds in violation of the Equal Protection Clause. Id. at pp. 9-23. The appellate court affirmed the conviction. Id. at Ex. H. The Colorado Supreme Court denied certiorari on April 23, 2001. Id. at Ex. I. The Mandate issued on May 7, 2001. Id. at Ex. J.

On or about October 31, 2001, the petitioner filed a motion for postconviction relief pursuant to Rule 35(c) of the Colorado Criminal Rules of Procedure. Id. at Ex. K. He argued that he received ineffective assistance of trial counsel because counsel failed to move to suppress his confession prior to the second trial and because counsel had a conflict of interest. Id. The district court denied the motion on November 8, 2001. Id. at Ex. L. The petitioner appealed the denial of his postconviction motion. Id. at Ex. M. The appellate court affirmed the district court's order. Id. at Ex. O. The supreme court denied certiorari on January 20, 2004. Id. at Ex. P. The Mandate issued on January 26, 2004. Id. at Ex. Q.

On May 14, 2004, the Court received the petitioner's initial Application for Writ of Habeas Corpus (the "Initial Application").[2] The Initial Application asserted one claim for

---

[2] The initial Application was filed on May 27, 2004.

2

violation of the petitioner's Fifth and Fourteenth Amendment rights based on the state courts' decision that his confession was not coerced.

On July 18, 2005, the petitioner's request for appointment of counsel was granted [Doc. #56], and counsel entered an appearance for the petitioner on July 22, 2005 [Doc. #57]. On August 4, 2005, I granted the petitioner leave to file an amended petition [Doc. #62]. The petitioner, through counsel, filed the Amended Application on August 14, 2006.[3]

The Amended Application asserts two claims. Claim One is the same claim asserted by the petitioner in his Initial Application. Claim Two asserts a claim of actual innocence based on new reliable evidence that his confession was coerced.

## II. THE LAW

This Court may review a petitioner's application for writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). An application cannot be granted unless it appears that the petitioner has exhausted available state remedies. 28 U.S.C. § 2254(b)(1).

If a petitioner fails to exhaust available state remedies, a federal court should dismiss the application without prejudice so that the state remedies may be pursued. Demarest v. Price, 130 F.3d 922, 939 (10th Cir. 1997). The federal court, however, should first consider whether the petitioner would be able to raise the unexhausted claims in the state court. Id. If the state court to which the petitioner would be required to present his claims in order to meet the exhaustion

---

[3]The petitioner, through counsel, filed a supplement to the Initial Application on July 13, 2006 [Doc. #83]. Because the petitioner was ordered to file an amended application which stood alone and did not incorporate the Initial Application, the supplement was stricken and the petitioner was directed to file an amended application [Doc. #87].

requirement would now find the claims procedurally barred, the petitioner's claims are procedurally defaulted for purposes of federal habeas corpus relief. Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991). The federal court may consider procedurally defaulted claims if the petitioner shows cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrates that the failure to consider the claims will result in a fundamental miscarriage of justice. Coleman, 501 U.S. 722, 750 (1991).

### III. ANALYSIS

The respondents concede that the petitioner exhausted Claim One. *Answer*, p. 10. The respondents assert, and the record demonstrates, that the petitioner has not exhausted Claim Two in the state courts. *Answer*, pp. 5-11; Exs. B, F, and M. The petitioner may assert in the state courts a claim with new reliable facts which "requires vacation of the conviction . . . in the interest of justice." Colo.R.Crim.P. 35(c)(2)(V); C.R.S. § 16-5-402(1) (stating that there is no limitations period for collateral attacks on class 1 felonies).[4] Thus, Claim Two is not exhausted and is not procedurally barred.

Generally, if a petitioner fails to exhaust available state remedies and he may still bring the unexhausted claims in state court, the federal court should dismiss the application without prejudice so that the state remedies may be pursued. Demarest, 130 F.3d at 939. However, the court must take into consideration that the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitation on the filing of federal habeas petitions, 28 U.S.C. § 2244(d), and that the filing of a habeas petition in federal court does not

---

[4]The petitioner was convicted of first degree felony murder under C.R.S. § 18-3-102(1)(B), which is a class 1 felony. *Answer*, Ex. B, p. 3.

toll the limitation period. Rhines v. Weber, 544 U.S. 269, 274-75 (2005). Therefore, I must determine whether dismissal of the Application will cause the petitioner to run afoul of the AEDPA's limitation period.

The limitation period generally runs from the date on which the state judgment becomes final after the direct appeal. Id. at 2244(d)(1)(A). "If a prisoner does not file a petition for writ of certiorari with the United States Supreme Court after his direct appeal, the one-year limitation period begins to run when the time for filing a certiorari petition expires." United States of America v. Hurst, 322 F.3d 1256, 1259 (10th Cir. 2003) (internal quotations omitted). A petition for a writ of certiorari must be filed in the United States Supreme Court within ninety days "after the entry of the order denying discretionary review." U. S. Sup. Ct. Rule 13.1.

In this case, the Colorado Supreme Court denied the petitioner's request for a writ of certiorari on April 23, 2001. *Answer*, Appendix K. The petitioner did not appeal to the United States Supreme Court. As a result, the statute of limitation started to run on July 22, 2001-- ninety days after the Colorado Supreme Court's denial of the petition. Hurst, 322 F.3d at 1259. Absent any tolling, the statute of limitation expired on July 22, 2002. See Hurst, 322 F.3d at 1261 (holding that the AEDPA statute of limitation is computed using the anniversary date of the relevant act).

The AEDPA allows tolling of the one-year limitation period as follows:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

The petitioner's post conviction motion is dated October 31, 2001. *Answer*, Ex. K. Thus, the statute of limitation ran for 191 days, from April 23, 2001, until October 31, 2001, when the petitioner mailed the postconviction motion.[5] The motion was pending until the Colorado Supreme Court denied review on January 20, 2004. Therefore, the statute was tolled during the pendency of this motion and did not begin to run again until January 20, 2004.

As of May 14, 2004, when the Application was received, an additional 115 days had run, for a total of 306 days. Because the filing of a habeas petition in federal court does not toll the limitation period, the AEDPA's one year limitation period expired on July 12, 2004--59 days after the Application was received in this Court.

Because the limitation period expired on July 12, 2004, dismissal of the Application for failure to exhaust Claim Two will cause the petitioner to run afoul of the one-year statute of limitation. Under these circumstances, the federal court must decide whether the habeas petition should be held in abeyance to allow the petitioner to exhaust Claim Two in the state court.[6]

---

[5] The record does not indicate the date the postconviction motion was filed. However, I will use the date most favorable to the petitioner--the date on which he certified that he mailed the motion to the court.

[6] I am aware that I may address the merits of unexhausted claims which are not procedurally defaulted "where . . . the interests of comity and federalism will be better served by addressing the merits forthwith." Hoxsie v. Kerby, 108 F.3d 1239, 1243 (10th Cir. 1997) (internal quotations omitted). The petitioner seeks an evidentiary hearing in order to present his new

Rhines, 544 U.S. at 274-278.  The federal court's decision must "be compatible with the

AEDPA's purposes."  Id. at 276.

> One of the statute's purposes is to "reduce delays in the execution of state and federal criminal sentences, particularly in capital cases."  Woodford v. Garceau, 538 U.S. 202, 206, 123 S.Ct. 1398, 155 L.Ed.2d 363 (2003).  See also Duncan, 533 U.S., at 179, 121 S.Ct. 2120.  AEDPA's 1-year limitations period "quite plainly serves the well-recognized interest in the finality of state court judgments."  Ibid.  It "reduces the potential for delay on the road to finality by restricting the time that a prospective federal habeas petitioner has in which to seek federal habeas review."  Ibid.
>
> Moreover, Congress enacted AEDPA against the backdrop of Lundy's total exhaustion requirement.  The tolling provision in § 2244(d)(2) "balances the interests served by the exhaustion requirement and the limitation period," "by protecting a state prisoner's ability later to apply for federal habeas relief while state remedies are being pursued."  Duncan, *supra*, at 179, 121 S.Ct. 2120.  AEDPA thus encourages petitioners to seek relief from state courts in the first instance by tolling the 1-year limitations period while a "properly filed application for State post-conviction or other collateral review" is pending. 28 U.S.C. § 2244(d)(2). This scheme reinforces the importance of Lundy's "simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court."  455 U.S., at 520, 102 S.Ct. 1198.
>
> Stay and abeyance, if employed too frequently, has the potential to undermine these twin purposes.  Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings.  It also undermines AEDPA's goal of streamlining federal habeas

---

evidence in support of Claim Two.  Because the petitioner does not rely on a new rule of constitutional law in order to present evidence on Claim Two, he must establish that Claim Two relies on "a factual predicate that could not have been previously discovered through the exercise of due diligence."  28 U.S.C. § 2254(e)(2).  The petitioner faces this same hurdle in order to bring Claim Two in the state courts.  Colo.R.Crim.P. 35(c)(2)(V).  Because the state courts heard the evidence on the underlying claim (Claim One), I find that the state courts are in a better position to determine if Claim Two is based on new evidence that could not have been discovered despite due diligence.

7

> proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition. Cf. Duncan, *supra*, at 180, 121 S.Ct. 2120 ("[D]iminution of statutory incentives to proceed first in state court would ... increase the risk of the very piecemeal litigation that the exhaustion requirement is designed to reduce").
>
> For these reasons, stay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

Id. at 276-77.

Despite the respondents' argument that Claim Two has never been presented to the state courts, and that the petitioner could present it to the state courts at this time under Rule 35(c), the petitioner does not address his failure to exhaust Claim Two in the state courts. Therefore, the petitioner has not shown good cause for failing to exhaust Claim Two,[7] and a stay of this case is not warranted.

"[I]f a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the

---

[7] I note that, when responding to the respondents' argument that Claim Two is barred by the statute of limitations, the petitioner claims that he was unaware of the claim until he was appointed counsel. *Applicant's Traverse to Respondent's* [sic] *Amended Answer* [Doc. #101] (the "Traverse), p. 2. However, "it is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." E.g., Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) (internal quotations and citations omitted).

unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." Rhines, 544 U.S. at 278. Therefore, in order to avoid dismissal of the entire Application, the petitioner may withdraw Claim Two and proceed with the remaining claim.

## IV. CONCLUSION

I respectfully RECOMMEND that the petitioner be permitted to withdraw Claim Two within a date certain and proceed with his remaining claim, and that the petitioner be cautioned that failure to withdraw the unexhausted claim within a date certain will result in dismissal of the entire Application without prejudice for failure to exhaust Claim Two.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated May 5, 2008.

                 BY THE COURT:

                 s/ Boyd N. Boland
                 United States Magistrate Judge